## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER MAURICE PENDLETON, | : | |
| TEYAUNA MICHELLLE PENDLETON, | : | |
| *Plaintiffs,* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-1502 |
| | : | |
| PENNSYLVANIA HOUSING FINANCE | : | |
| AGENCY | : | |
| *Defendant.* | : | |

## MEMORANDUM

**Pappert, J.**                                                                                    **March 24, 2025**

Plaintiffs Christopher and Teyauna Pendleton sued the Pennsylvania Housing Finance Agency asserting a state law trespass claim. The Pendletons also seek to proceed *in forma pauperis*. For the following reasons, the Court will grant them leave to proceed *in forma pauperis* and dismiss their Complaint for lack of subject matter jurisdiction.

I[1]

The Pendletons allege the PHFA is trespassing against their property and "attempting to administer our property without consideration and right of contract."

---

[1] The following facts are taken from the Complaint (ECF No. 1), which consists of the Court's form complaint available to unrepresented litigants to file cases in federal court, and additional typewritten pages. The Court considers the entire submission to constitute the Complaint and adopts the pagination supplied by the CM/ECF docketing system. When conducting a statutory screening, the Court may take judicial notice of publicly available court records. *See Vanderklok v. United States*, 868 F.3d 189, 205 (3d Cir. 2017) ("To the extent that we rely on information beyond what the government included in its amicus brief, that information is publicly available on government websites and therefore we take judicial notice of it.").

(Compl. at 5.)  They claim that the trespass began on October 27, 2023 and harms their property.  (*Id.*)  They refer to a case number, 231003085, in the Philadelphia County Court of Common Pleas.  (*Id.*)  Public records indicate that this is a mortgage foreclosure action that PHFA filed against the Pendletons on October 27, 2023, *i.e.*, the date they claim the trespass began.  *Pennsylvania Housing Finance Agency v. Pendleton*, No. 231003085 (C.P. Philadelphia).  Summary judgment was granted to PHFA on November 12, 2024 and a sheriff's sale is scheduled for the property on May 6, 2025.  *Id*.  It thus appears that the "trespass" is the judgment PHFA obtained and the upcoming sheriff's sale.  The Pendletons seek $250,000 for past damages, as well as $1,000 each day until the property "is free of encumbrances by any of the parties alleging the claims continue to make without verifiably proving the claims."  (Compl. at 5.)

II

The Court grants the Pendletons leave to proceed *in forma pauperis* because it appears that they are is not capable of prepaying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At this early stage of the

litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)). However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

A Court must also review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining

3

that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

III

It is apparent from the court records in the case they reference in their Complaint that the alleged "trespass" is the foreclosure case instituted by PHFA and the "attempt[] to administer our property without consideration and right of contract" (Compl. at 5) is the foreclosure action or the pending sheriff's sale of their property.  Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments."  *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010).  Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Id.* at 166 (quotations omitted).  Since the trespass claim is an "injury" caused by the state court foreclosure judgment ordering the sale of their property, the *Rooker-Feldman* doctrine requires the Court to dismiss this case without prejudice for lack of jurisdiction.  An appropriate Order will be entered separately.

BY THE COURT:


*/s/ Gerald J. Pappert*
**Gerald J. Pappert, J.**